UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br>DRAIN SERVICES INC.<br><br>                       Debtor.<br><br>DRAIN SERVICES INC.,<br><br>                       Plaintiff,<br><br>   v.<br><br>JOSEPH PFAU AND CECILIA PFAU,<br><br>                       Defendants. | Case No.: 23-30352<br>(Chapter 11)<br><br>Adversary Case No. 24-07001<br><br>**DEFENDANTS' JOSEPH PFAU<br>AND CECILIA PFAU ANSWER** |

[¶1]    Defendants Joseph Pfau ("Joseph") and Cecilia Pfau ("Cecilia")(collectively "Defendants") for their Answer to Plaintiff Drain Services Inc.'s Complaint for breach of contract or, in the alternative, promissory estoppel or unjust enrichment, alleges and states as follows:

[¶2]    Defendants lack sufficient information, knowledge, or belief to admit or deny Paragraph 1. To the degree such allegations require a response, they are denied.

[¶3]    Admit Paragraph 2 to the extent Drain Services was hired. Defendants lack information, knowledge or belief to admit or deny the remainder of Paragraph 2.

[¶4]    Admit Paragraph 3 to the extent that Defendants hired Drain Services. Deny the remainder of the allegations in Paragraph 3.

[¶5]    Admit Paragraph 4 to the extent that Defendants have not paid the invoiced amount of $62,000.00 due to disputing the invoice. Defendants deny the remainder of the allegations in Paragraph 4.

[¶6]     Defendants lack sufficient information, knowledge, or belief to admit or deny Paragraph 5 the allegations regarding Drain Services bankruptcy. Deny the remainder of Paragraph 5.

[¶7]     Defendants lack sufficient information, knowledge, or belief to admit or deny Paragraph 6.

[¶8]     Admit Paragraph 7, 8, 9, 10, and 11.

[¶9]     Admit Paragraph 12 to the extent that Drain Services began performing and completed some of the work to remedy the issues. Defendants deny the remainder of the allegations in Paragraph 12.

[¶10]    Admit Paragraph 13.

[¶11]    Admit Paragraph 14 to the extent that Defendants have refused to pay the amount of $62,000.00 due to disputing the invoice. Defendants deny the remainder of the allegations in Paragraph 14.

[¶12]    Paragraph 15 does not require a response.

[¶13]    Admit Paragraph 16 to the extent that Defendants retained Drain Services to perform work at their residence. Deny the remainder of the allegations in Paragraph 16.

[¶14]    Deny Paragraph 17, 18, and 19.

[¶15]    Paragraphs 20 and 21 do not require a response.

[¶16]    Admit Paragraph 22 to the extent that Defendants agreed to pay for only services which they hired Drain Services to perform. Deny the remainder of the allegations in Paragraph 22.

[¶17]    Admit Paragraph 23 to the extent that it was expected that only the work which they retained Drain Services for would be performed and compensated. Deny the

remainder of the allegations in Paragraph 23.

[¶18]   Admit to Paragraph 24 to the extent that some of the work which Drain Services was hired to perform was completed. Deny the remainder of the allegations in Paragraph 24.

[¶19]   Defendants lack sufficient information, knowledge, or belief to admit or deny Paragraph 25.

[¶20]   Deny Paragraph 26.

[¶21]   Paragraphs 27 and 28 do not require a response.

[¶22]   Admit Paragraph 29.

[¶23]   Deny Paragraphs 30, 31, 32, and 33.

## Affirmative Defenses

[¶24]   Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

[¶25]   Plaintiff has failed to mitigate its claimed damages.

[¶26]   Plaintiff's claims are barred by the applicable statutes of limitation and/or statues of repose.

[¶27]   Plaintiff's claims and/or claimed damages are limited or barred by the terms and conditions of any contract they may have entered with third parties for whom Defendants have no control and for whom they are not legally liable.

[¶28]   Plaintiffs claims are barred by the equitable doctrine of unclean hands.

[¶29]   Plaintiff's claimed damages was the result of intervening and/or superseding causes for which Defendants are not legally liable.

[¶30] Pending further discovery, Defendants assert and incorporate all affirmative defenses available pursuant to Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

### Jury Demand

[¶31] Defendants Joseph Pfau and Cecilia Pfau demand a trial by jury on all claims and issues for which he has a right to try by jury as permitted under applicable law.

[¶32] **WHEREFORE**, Defendants Joseph Pfau and Cecilia Pfau pray for judgment as follows:

1. That Plaintiff's Complaint be in all things dismissed;

2. That Defendants be awarded their costs and disbursements; and

3. That Defendants be awarded further relief as the Court deems just and equitable.

Dated this 28th day of February, 2024.

Ross Nilson
(N.D. ID #06784)
Nilson Brand Law
5141 44th St. S.
Fargo, ND 58104
Ph: (701) 786-6040
Email: ross@nilsonbrandlaw.com
Attorneys for Defendants