UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:

Drain Services Inc.,                     Bankruptcy Case No. 23-30352
                                         Chapter 11
        Debtor.
_____/

Drain Services Inc.,

        Plaintiff,              Adversary Case No. 24-07001

   vs.

Joseph Pfau and Cecilia Pfau,

        Defendants.
_____/

**ORDER GRANTING MOTION TO WITHDRAW AND
ORDERING DEBTOR TO RETAIN NEW COUNSEL**

On March 10, 2024, Attorney Maurice B. VerStandig and The Dakota Bankruptcy Firm filed a Motion to Withdraw as Counsel for Debtor [Doc 8], showing cause for the relief they seek. The Court received no objections to the Motion. Therefore, **IT IS ORDERED** that the Motion to Withdraw as Counsel for the Debtor is **GRANTED**. Attorney Maurice B. VerStandig and The Dakota Bankruptcy Firm may withdraw from further representation of Debtor in this case effective immediately.

Corporations may not pursue a cause of action in an adversary proceeding without counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); Stanko v. Bosselman, 749 F. App'x 493,

1

494 (8th Cir. 2019) (per curiam) ("[A] corporation may not appear pro se."); <u>United States v. Lylalele, Inc.</u>, 221 F.3d 1345 (8th Cir. 2000) (unpublished table opinion) ("[C]orporations and trusts cannot appear in federal court without legal representation.").  Additionally, Rule 9010-2(E) of the Local Rules for the United States Bankruptcy Court, District of North Dakota, prohibits a corporation from participating in court proceedings without counsel.  The rule provides:

> An entity that is not an individual, including a corporation, partnership or trust, may not file a petition for relief or participate as a debtor, creditor or interested party in any proceeding involving presentation of evidence or argument to the court without an attorney. This rule does not prohibit an authorized representative of a corporation, partnership or trust from appearing at a meeting of creditors, filing a claim, voting on a Chapter 11 plan or voting to elect a trustee without an attorney.

D.N.D. Bankr. L.R. 9010-2.  Accordingly, this adversary proceeding must be dismissed if Drain Services Inc. does not retain replacement counsel.

**IT IS ORDERED** that Drain Services Inc. is granted 28 days to arrange for counsel to represent the corporation and to file an appearance in this case.  Failure to comply will result in dismissal of this adversary proceeding.

Dated this 26th day of March, 2024.

<u>/s/ Shon Hastings</u>
Shon Hastings, Judge
United States Bankruptcy Court

2